Good afternoon, Illinois Appellate Court, 1st District Court is now in session. The 1st Division, Justice Michael Hyman presiding. Case number 1-8, I'm sorry, case number 1-9-2-1-3-7, Douche Bank and Trust Company, Americas versus Danny Pearce and Linda Pearce. Good afternoon, counsel. I'd like to ask first that you each identify yourself, start with the appellant, and approximately how much time you would like for argument. Good afternoon, Your Honor. My name is Mauricio Ortiz. I represent the homeowners, the appellants slash defendants. Approximately 10 to 15 minutes with two minutes reserved for rebuttal of this court, so allows. Good afternoon, Your Honors. Gary Green on behalf of the appellee. I can't imagine that my argument would last more than five minutes. If you do it in five minutes, I'll be surprised because we have never had an attorney say five or ten minutes and actually stick to five or ten minutes, so we won't hold you to it. I just want you to know that. I was taught in law school to talk like a third grader and write like a third grader. I also went to DePaul. Well, no, I went to some liberal school out in California. That's the way we were taught at DePaul, short and sweet. What we have done is we will interrupt you during your argument like we would do in the courtroom. We would appreciate, well, then finish your thought. We don't want you to stop in mid-sentence. Finish your thought, and then answer our question, if you would. Any questions on how we're going to proceed? If not, Mr. Parker. Okay, thank you. Mr. Ortiz? Thank you, Your Honor. May it please the court, today this case involves an issue involving post-judgment motions and whether the trial court below lost jurisdiction when a certain post-trial motion was filed. The additional argument would be whether or not the arguments below have been waived at the trial court below. For the first issue, the post-judgment motion issue, Illinois Supreme Court Rule 303A governs and how the notice of appeal must be filed within 30 days after the entry of the order disposing of the last pending motion. Our facts in this case are that the homeowners, Danny and Linda Pierce, they had filed a petition to reconsider the trial court's February 6th order, and that was filed on May 24th, 2018. The notice for the hearing was to occur on June 10th, 2018. So when June 10th arrived, the parties failed to appear and the circuit court on that date, they struck the motion when they entered the order, they struck the motion from the call. So our opponent, the bank, would like to have that operate as the final judgment, which would prevent this court today from being able to hear this appeal. Let me ask a question. So it was stricken from the call on June 10th, then it was heard again later, right? Correct. And at that time, I just want to get the facts out, was there a new motion filed or was it the same motion was then reset for that later date? It would be the same motion that was reset for a later date. On June 10th, the trial court wrote in its order that the motion was stricken from the call and two days later, the attorney for the homeowners refiled or noticed it up for a different day, basically for June 26th, for the same petition. So he re-noticed, it's not a new, it was not a new petition, it was the same petition to be heard on the 26th. So on the 26th, there was a hearing. Yes. And at that hearing, didn't the judge make certain decisions regarding the petition? I mean, on the merits. I don't believe that was the case. The judge at the lower court ordered a briefing schedule and was to have the decision on the merits for that particular petition decided at a later time. And that's when the order was actually entered on September 20th. I forgot that. You're right. September 20th, that's when the hearing occurred and the judge did discuss the merits. Correct. And so he had, the judge had all the briefs, had the lawyers in front of them, him, had affidavits and proceeded. Correct. Okay. And then within 30 days after that is when the appellant filed their petition. Correct. I mean, appeal. Yes. Okay. So, so the argument. So my question is, we're talking about, you know, you're talking about whether we have jurisdiction over this appeal. Assume we have jurisdiction, let's, let's say that that September hearing, there was a hearing. Correct. Court made decisions on the merits. What issues have you raised on the merits in your brief? So, if this court is allowed to hear this case, there are certain arguments below that our opponent, the bank indicates that have been waived at the trial court below. Some of these arguments include whether notice was actually sent to the homeowners regarding the notice of sale. And those have been brought up in the homeowner's response to the motion to approve sale. And that was done back, back in January or so. And so those arguments are, we're trying to bring those arguments up to the, up to this court to be able to hash those out as well. Well, why weren't they brought up in the motion for reconsideration in September? For the, are you, are you referring to the notice question? It was brought up on that date and the judge did indicate that the judge in that case, in the order indicated that, that those arguments didn't have any merit, essentially. The judge did not even, the judge didn't even want to discuss just basically that the arguments had been waived below. And what date was that? The, which, which date for the, the order? You just said, when did he rule on it? What date did he rule on that? It was on September 20th that he made that decision on the, on the order denying the petition to reconsider. He had wrote, do we, I can't remember, do we have a copy of the transcript for that? There was no transcript for that date. So all we know is what's in the order. Correct. And in the order, he says you waived it. Correct. Those arguments were waived because they, the, there, there's a, there's some, in the record on appeal, there are documents in there that reflect that the attorney for the homeowners and this was attorney Gallick that is mentioned in the record on appeal that he filed the response to the motion to approve the sale. And in that response, there were arguments to the fact that the bank did not send notice of the sale to the homeowners. And that is something that the bank is also indicating that was waived because the, it was not in the Cook County and the circuit courts filing system, but attorney Gallick verified under oath that he made the filing. He showed a screenshot of the clerks accepting of the filing as well as a screenshot of his email sending it to the bank's attorneys. And this is something. There was also a file stamp copy of the notice of filing there, right? There was just, it's just that the motion was missing. Is that correct? Correct. So the notice of filing was there, file stamp for that date, but somehow the clerk did not file stamp the actual motion. So the actual response. Correct. So in the record on appeal, there is no actual filed response on that for a file for that date. But the notice of filing is there. Yes. Yes. The notice of filing is there. And as, as I mentioned, that was done. Just so we're clear, Mr. Ortiz, just so we're clear, it was the notice of the filing of the response. Correct. The response was not there, but the notice of filing of the response was there and it was file stamped. Correct. By the clerk's office. Okay. Yes. And there, and there were the screenshots that, that from the clerk's website that indicated that it had been accepted, but I'm not sure exactly what happened and why it wasn't available during that time. But again, the counsel for the homeowners did verify under oath that this was, that this was actually done on that date and it was timely. So that's, that's one of the arguments that the, that were purportedly waived later on. How, tell me, how can we consider the notice issue, which a judge ruled in September was waived when we don't have a transcript of that hearing? So and we don't know, you know, so we don't have a basis. We don't know what the judge, the reason the judge said it was waived. Well, this was one of the issues that was brought on the petition to reconsider that these arguments should have, should have been made, but the, the, the trial court did not allow them by denying the petition to reconsider. If these, these so-called waive arguments weren't able to be heard due to it not being an opportunity to be able to hash this out back at the trial court level, that's, that's the argument that, that the homeowners are making that they should have been able to have the opportunity to be able to, to prove their case, to be able to, to, to hash out any factual differences that each party had. And all those issues were raised according to you in your May 29th petition for rehearing. Yes. And so that, that was rehashed in September, right? It wasn't allowed to be rehashed in September because the judge, the circuit court judge denied the petition to reconsider. Okay. Now what your petition to reconsider was filed on May 29th and was stricken from the call Yes. On June 10th. Correct. Correct. And then June 12th, who was it? Mr. Walker or yes, Mr. Walker, Mr. Walker, uh, refiled, um, he refiled a notice of hearing. Correct. A petition for rehearing was never refiled. It was only a notice for a hearing and the motion that had been stricken that had been set. Correct. And that was, uh, scheduled for the 26th of June, but you never refiled a petition for rehearing. Correct. That, that, that isn't in the record. Well, you either, it's not in the record and you didn't do it right, right. So how would you answer the question that once a motion is stricken, it no longer exists and to, in order for it to be considered, it must be refiled. That that is what, uh, that is an argument that we are trying to, um, change in a sense because the words on the actual order state that the motion was stricken from the call. There are cases, there are cases out there that indicate, um, that, uh, a motion that is stricken operates as a final judgment. There are other cases out there that indicate that otherwise, um, that if it's stricken from the call is if it's stricken from the court's call, then that would still leave the motion pending and that you're able to, to, to, to have it heard on another day. You don't have to file another order or excuse me, another motion to vacate that order. So the motion would remain pending, uh, at that point. So the question is, so there is a case, uh, Clark versus Han, uh, this is a first district 1995 decision, uh, from this case, uh, this case actually did have a transcript and that's something that, that we don't have. So we just have to work off of what the actual order states, which is a one line, uh, order indicating the motion was stricken from the call. So this Clark versus Han case, um, in the transcript, there are similar effects to ours. Um, basically where there was a post, uh, judgment motion that was filed, no one appeared and based on what was said in the transcript, and I quote, they stated number 25 on the 10 o'clock call had been withdrawn. So that had the effect of merely taking the, uh, that motion off the trial court's call. It didn't actually, uh, operate as a final judgment to the motion. So in that case, they were able to, to appear to have a hearing on another date. So the question here is whether or not the trial judge actually struck the motion or struck the motion from the call. Correct. Coming back to justice Pierce's question, if the trial judge struck the motion, then the motion's gone and there needs to be a new motion file, but if the judge simply strikes the motion from the call, that motion is still out there and just not on the call on today. Is that, that's your argument, correct? Correct. That is what the, that's what the homeowners are arguing in this situation. Um, those additional words in our position have meaning that because it's removed from the call, it doesn't simply mean that, um, that that's, that's, that's a final judgment that, that there should be, uh, further words added to a, to a strike order, which would either say this is operating as a final judgment, or this is able to be reheard. You don't have to, um, file another motion to vacate this order. Um, so this would mean that the, in our facts, the motion that was stricken from the call wasn't actually a final order. Rather, it was just something that was unabandoned, but able to be heard on a different day. And that's what attorney, uh, Walker had done when he, uh, scheduled it for a couple of weeks from when that date of the order was entered. And then wasn't then that motion eventually heard in September? Correct. It was heard? Yes. And they ruled the judge ruled against you. Correct. And he lost. Yes. On the merits. Correct. And then it went up on appeal and they're saying, well, you can't appeal because you were late because of what they're arguing. But, but, but if the judge, again, if the judge ruled on the merits and we don't in we do, we don't have a record of that hearing. Well, I would, I would indicate that this could be sent back to the trial court levels in order for them to re re, uh, to rehear these arguments, because there was a lot of evidentiary issues, uh, that had not been resolved. There was, uh, those screenshots that I mentioned to you from attorney Gallick, uh, that showing that he filed his response. And some of these arguments just did not, um, basically did not have a chance to be heard, uh, before even before even, uh, indicating, uh, that these arguments had any merit. The, uh, trial, the trial judge just indicated that they're waived. And so that kind of leaves our homeowners here without any recourse onto why they just said no, essentially. The trial courts basically just said, you are, you are denied. We're not even going to consider these arguments. Because they were waived and the basis for the waiver was. The basis for the waiver was that, uh, attorney Gallick filed a response, uh, late that that was the, that was the, the, the trial courts, um, uh, analysis of what had occurred, even though attorney Gallick showed that, you know, under oath, he verified under oath that he had submitted all the, uh, the timely responses and showed evidence of such. But we don't have that in the record in September. Do we, all we know is the judge said it's way period. Correct. We don't have what you just told us, which is what, you know, from, from which is your argument, I guess. Correct. So essentially you're asking us to decide whether the trial court, um, should have granted your motion to reconsider because of the arguments you made back in May. Correct. That's, that's one of the arguments that these, uh, we don't know. We don't know what arguments you made to the trial court that caused him to rule in September. And that's the order that you're appealing. If we have jurisdiction over that. Right. So how can we decide whether the trial court properly ruled on your motion to reconsider if we don't know what was argued before him and you don't argue and appeal why he was wrong and the motion to reconsider. Well, what, what we're trying to argue is that these, uh, the homeowners, when they brought their arguments to the trial court, uh, the trial court indicated that those arguments were, were waived as you just, as you just stated. Um, so we would like to have this case go back to the trial court in order to, to have them, uh, present their arguments to the judge, possibly conduct an evidentiary hearing on, on all of these matters to be able to hash it out and to be able to, to, to come to their decision. But we would be relying on your representation that you didn't waive it, right? But we have no record of whether you did waive it or not. So we would be ruling, you know, in your favor saying that the trial court abused its discretion and not granting your motion to reconsider without knowing what was on the court's mind and what the court's reasoning was. You didn't present us with anything on appeal that would allow us to say there was an abuse of discretion in the denial of the motion to reconsider. Well, there were, uh, several other arguments that had been made, uh, at the trial court level, uh, which include violations of the Illinois mortgage foreclosure law, violations of the federal law, uh, I believe it's CFR. I can't recall what the number is, but it was basically on the foreclosure, um, statute for the, for the federal government. Um, and whether, uh, service, uh, excuse me, whether the notice of sale had actually been sent. All these arguments were made at the trial court level, but the trial court did not, you know, uh, want to hear them. So that's why we're here to try to get that, get the decision sent back, the denial decision sent back to have it reheard. Question for you on the order that was entered on September 26th. Did the trial court specifically say that the trial court had no jurisdiction to entertain the motion that was previously filed because it had been stricken from the call? Was that actually stated in the order? Yes, that was actually indicated in, in the trial court, September 20th order. Uh, and they relied on, uh, Yasin. That was, uh, another, uh, decision, uh, relied upon by the bank. So your argument, so your argument today, and that's my understanding as well, just verifying with you, but your argument today then is that the trial court aired when it stated that it had no jurisdiction over that motion that had been stricken from the call. Is that your argument? That is my argument. Because your argument is that the trial court did in fact have jurisdiction over that motion because it was simply stricken. And after it was stricken from a call that day, it was re-noticed. Correct. And that that was the same motion that had been filed within 30 days of entry of the, of the order in which it was asking to be reconsidered. Yes. Okay. So, so you're, and you do, you do list that as, as, as your issue number one, that the trial court aired in finding that it had no jurisdiction over your motion to reconsider. Correct. And perhaps the trial court didn't know whether it had jurisdiction over that motion. And I guess if the trial court doesn't know whether it has jurisdiction, that's airing of itself. I would, I would think so as well, because based on what we have is just a trans or not a transcript, excuse me. Basically what we have is just a, a one page order from the trial court on the, on, on the June 12th, excuse me, the June 10th date indicating that the motion was stricken from the call. There is no transcript that exists. We don't really know what the, the trial judge, what. Well, that's correct. That's why, that's why the other justices are correct when they say that, well, we don't know what we don't know whether or not the trial court aired or not on those other issues. But I think the overriding issue here is that the trial court specifically found in its separate September 20th, 2018 order that it had no jurisdiction over your motion to reconsider, which had previously been stricken from the call on, uh, June 10th, I believe it was. Correct. So, so what you're asking us to do is if we, we would reverse and remand. So the trial court would hear your motion to reconsider. Correct. Anything further? Uh, no, your honor. I don't have anything further. Um, just as you had mentioned, we would simply ask that, uh, the trial court's decision be reversed and remanded. Thank you. Mr. Eric, one question, please. Did you write the, uh, appellant's brief? Yes. You know, you're not supposed to cite unpublished opinions, don't you? Uh, yes, your honor. I did try to do some research on that and saying that we're not using it for its authority, but more for its reasoning. Uh, I understand that we cannot cite unpublished opinions, uh, as authority. Right. You did it twice, two separate cases. Don't do that anymore. It's not allowed under the rules. Yes, your honor. Okay. It's not even allowed for purposes of, you can't use it at all. Put it that way. It's very simple. The rule is you can't cite it. Yeah. There are circumstances under which you can use it. It just has to be a law in the case, a res judicata. It did that statute rule 23 specific lists the circumstances under which you can use it, but none of those apply here. Understood. Okay. Mr. Green. Yeah. So I just want to set the record straight. So, um, uh, in the judge's ruling on September 20th, um, in a footnote, he says that Mr. Gaelic never presenting any evidence that he filed the response or objection to the motion to confirm the sale. Um, in that objection or response, um, he noted that it was actually filed on March 7th, although per order of the court, it was supposed to be filed on January 8th, I believe. So he filed it two months after it was supposed to be filed, but he ultimately filed it, but he filed it late after the argument, um, in February in which the judge confirmed the sale, um, to set the record straight. Um, Mr. Pierce was not represented by Mr. Gaelic. He never filed a response to the, to the motion to approve the sale. And so the trial court said that he waived all arguments, um, uh, related to the order approving the sale because he never objected to it. And so you can't lie in the weeds and then turn around and raise these issues. Uh, the only issue raised by, uh, counsel Gaelic was the notice of sale. Okay. So what happened was, is they didn't show up for the hearing. The judge struck it. Uh, there's two cases, uh, both in the appellate court district here that says if it's, if it's stricken from the case, you lose the jurisdiction. Um, and you have to file a motion to vacate that order and you have to refile the motion, uh, that was stricken. It wasn't stricken from the case though. I thought it was stricken from the call. What's that stricken from the call? But the call means that I'm not hearing it today. That's all. It doesn't strike the motion. There is no consideration of the motion. Somebody got to show up. In the application, the Han case, um, uh, or the one case, uh, those were stricken too, for the same reason where the attorneys didn't show up. But what the judge ruled on September 20th was that he lacked jurisdiction. And if he, and if he did have jurisdiction for sake of argument, he ruled on the merits, um, on the notice of sale. And he found their argument to be without merit because that was the only issue that was raised in the untimely response to the motion to approve the sale. So he said, even if I have jurisdiction, they failed to meet their burden, um, on the notice of sale issue. I don't have, I don't have a copy in front of me. They waived them because they never raised them and their objection to the motion to approve the sale. Well, you just said, is that my understanding? That's not in the, uh, order. You're saying that's in the order. It is in a September opinion. His order is his opinion. His opinion says that, uh, it's meritless. That's going to lose me again. I put my glasses on so I can read. He says on the third page, which is, uh, appendix one, one, one, uh, record eight to nine, even if the court had jurisdiction to consider the petition. And then he went on and talked about those issues. And the issue was the only issue that was raised was the notice of sale. And he said that I find it to be without merit. So either way, uh, you, you went either. He didn't have jurisdiction one or two. You win because he did it on the merits and he decided it and he ruled against the, uh, the pierces. That's that's correct. One, he ruled they didn't have jurisdiction. Even if he had jurisdiction, um, they lose the notice of sale issue. And why wouldn't the, uh, appellants be able to have a re hearing if we, if we agree that, uh, he had jurisdiction and so can the appellant then appeal the, uh, alternative merits ruling which they have, haven't they by appealing that order? Well, no, because, because they haven't stated a basis, um, to file an appeal. I mean, he ruled on the, on the merits, uh, that the notice of sale, the certificate of law. Um, and quite frankly, I, I, I, I agree with him. He didn't have jurisdiction and that's why he said, even if I had jurisdiction and that's an, as an opinion that even if he had jurisdiction, all issues would have been waived except for the notice of sale. And he found that the notice, the sale argument was without merit. And is that because the trial court found that that response had not been filed? No, no, it isn't. He said that he would only consider the response that was filed on March 7th by counsel Galick, where he only raised the notice of sale issue. And he found that argument to be without merit. Okay. And so the, the, the notice of the motion or the notice of the response that was filed what was the file stamp date of that notice? Well, you mean the original notice of the addition to the motion? Well, he filed the notice of filing twice. Right. So just stop right there because that's, that was my understanding as well. So, and that was because there was a response, allegedly there was a response previously filed. And the day that that response was filed, there's no file stamp copy of that response, which would have been filed timely, but there was in fact, a notice of filing of that response, which was in fact, file stamp timely. Correct. The notice of filing was dated the date he was supposed to file it. Your honor. Correct. But for some reason, the response was not there, but the clerk only there was only a file stamp copy of the notice of filing of the response. Correct. There was two of them. Your honor. I understand. Just stay with me. Just answer my question. There was a timely filing of the notice of the filing of the response, correct? Correct. Your honor. But there was no response. Allegedly, there was no response filed with it. Correct? Correct. And what counsel did, because for some reason the clerk's office did not file stamp the response, which counsel stated in an affidavit, he did in fact file. He simply refiled the response on that March 7th date, I believe it was of 2019. Correct? Why? I can't tell you what his reasoning was, but I can tell you that. But it was, it was in fact filed. The response was filed March 7th of 2019. Correct? That's what the trial court. And I think earlier we were using the year 2018, but I think all this was done in 2019. That's correct. And so, so when you, when you say that the, that the response was never filed, well, counsel presented an affidavit saying that the response was in fact filed. He also provided a screenshot of the response in addition to the fact that a screenshot of the notice of filing of the response and an actual file stamp copy of the notice of the filing of the response. Correct? That's, that's correct. But also stated that he never received a copy of the response. He had the notice of filing. He never received it. Did he receive the notice? Because you admit that the notice was filed timely. It's just that the response was not filed with it. At least there was not a file stamp copy of it with it. So you're saying counsel never. Response wasn't served. I'm sorry. I have a question. There's a question. So are you saying that counsel said he never received either of those two documents? Yes. He just never received the response. He represented to the court that he never received the response and his search of the clerk's records indicated no response had been filed, but the notice of the following the response was filed per the clerk of the court. Correct. Okay. Mr. Green. Let me ask you the, the. Motion to reconsider that was filed and that was denied on May 29th. You with me? That date is the date they filed the motion on March 8th and on May 26th, they noticed it up for that first June date, June 10th. So when they filed the original motion to reconsider, they never noticed it up. They just filed the motion. My point is it was filed on May 24th, right? 29th, 24th. The notice of hearing was filed that day. Okay. What order did it pertain to? What order they not reconsidered? What date? That's the order confirming this sale, which I believe was February 8th or February 6th. Maybe. All right. So why was that timely? If the judgment and order of sale was, was February 6th, wouldn't you have 30 days from that date to file a petition for reconsider motion? They filed the motion within 30 days. They just never filed a notice of motion. I E scheduling it for presentment before the trial judge. They did that in May and scheduled it for June 10th. Well, they filed a petition to reconsider some order, right? And they did that on May 29th, 24th. They filed the motion to reconsider on March 8th. Then, then they filed a, a notice of motion in May scheduling the hearing for June 10th. So they didn't file a notice of motion for hearing or presentment until May. I thought that they filed a motion for reconsideration scheduled it for June 10th. And that was stricken on June 10th. That's correct. Okay. Now, wait, wait. So what was stricken was the motion to reconsider a previous previously entered order, correct? He struck the motion for reconsideration. Yes. And the motion to reconsider was to reconsider what order. The order confirming the sale. And that order was entered when? I believe it was February 6th, 2019, your honor. Okay. So how does the motion to reconsider filed on the 29th? How is that filed within 30 days of a February judgment in order of sale? Well, why would that be timely? Well, the motion was actually filed. I know this is strange. People do this. I don't do this because when I file a motion, I also do a notice of motion for hearing. They filed the motion on March 8th. Then they filed a motion. Then they filed a notice for presentment in May for presentment before the trial judge for June 10th, which they didn't show up for. So they filed the motion without a notice of hearing. Okay. So, but if they, they timely filed that motion to reconsider without noticing it up, right? That's yes. Yes. Okay. So when they ultimately struck the motion, it was the motion filed on March 8th, but it was struck on June 10th. That would be correct, your honor. Okay. Thank you. I just needed the chronology. Okay. Anything further? Oh, no, that's it. So, I mean, the judge did rule on the merits on the notice of sale. He said, even if I do have jurisdiction, the only argument raised by counsel Gaelic in the response to the motion to approve was the notice of sale. And he ruled on the merits that that argument was without merit. Okay. Thank you. Thank you, your honor. Mr. Ortiz. Yes, your honor. May it please the court. I would just close with that. The motion to strike, or excuse me, the order strike in the motion from the call. Those are words that do have meaning. This is something that isn't just a strike order rendering the motion to be completely disposed of. It's something that would allow it to be reheard on another day. And it doesn't operate as a final judgment. So, I'd say we agree with you for purposes of argument. Okay. Okay. So, the judge, one said, I can't hear it because I don't have jurisdiction. But then he goes on in his ruling and says, but by the way, if I rule on the merits, the Pierce is loose, correct? If it gets sent back down again, and it is able to be heard on the merits. Is that what you're saying? Well, no, I'm just saying to the judge in September 20th order said he considered the merits. Yes or no? Yes. He did consider the merits and he ruled against you. On the merits. Correct. Okay. And we don't have a transcript of that ruling. All we have is the order. And so, there's two arguments being made. First, no jurisdiction. So, and I'm assuming, let's say there's jurisdiction. For sake, because if you don't have jurisdiction, then you lose right away. So, we get past that. Then we come up to the issue of whether the judge ruled on the merits. And you're saying, yes, the judge ruled on the merits against your client. Well, that is what the order says. The September 20th order does use that language that these arguments lack merit is what the order says. I don't necessarily agree with those sentences indicating that there's no merit. So, this was one of the arguments that we also made in the brief that the appellate court can consider these issues that have been deemed waived at the trial court below. And one of those was the sending of the notice of sale to the homeowners that was heavily disputed at the trial court below. And on what basis do you say we have, we could rule on that? Well, in the brief that homeowners filed, there is some case law indicating that an may hear issues that have been waived and they may consider them and may be able to rule on them if the situation is correct. But I thought you just said that the judge ruled on the merits. That is what the order says. Correct. Okay. So, we have to take what the judge said, right? And you agree that's what the judge said. So, he ruled on the merits. Correct. Again, I'm asking you, then how can we, we don't have a transcript. All we have is that order on the merits. That's right. Correct?  That is what the order says, Your Honor. Anything else? That's it, Your Honor. Thank you. Okay. Thanks to both of you. Thank you for your briefs and for your arguments. We will take the case under advisement.